U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 21 2014

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CASE NO. 4:13-CR-158-A |
| | § | |
| CALEB DEASON | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND
## NOTICE AND ORDER

On December 26, 2013, this case was referred to the United States Magistrate Judge for determination of a Motion for Release Pending Sentencing (doc. 73) filed by the Defendant. An evidentiary hearing was held on December 31, 2013 by the undersigned on said Motion. Additionally, the undersigned has considered the following post-hearing submissions by the parties: (1) Government's Response to Defendant's Motion for Release of Defendant Pending Sentencing (doc. 81) ("Government's Response") and attachments thereto; and (2) Defendant's Proposed Findings of Fact, Conclusions of Law, and Recommendation to District Court on Defendant's Motion for Release of Defendant Pending Sentencing ("Defendant's Reply") (doc. 82). After considering the foregoing, the Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## **FINDINGS AND CONCLUSIONS**

### I. STATEMENT OF THE CASE

On September 4, 2013, the United States Grand Jury returned a two-count Indictment against Defendant in the above-styled and numbered cause alleging that Defendant committed the offenses of Wire Fraud in violation of 18 U.S.C. 1343 and Money Laundering in violation of 18 U.S.C. § 1957. On September 6, 2013, Defendant voluntarily surrendered himself and appeared before the undersigned for Initial Appearance. The Government did not move for detention and Defendant was order released on a personal recognizance bond subject to certain conditions of pretrial release.

On December 18, 2013, Defendant was convicted by a jury on both counts of the Indictment. Upon receiving the verdict, the District Judge ordered Defendant taken into custody pending sentencing, which is currently scheduled for April 4, 2014. On December 26, 2013, the current motion was filed and subsequently referred to the undersigned.

### II. APPLICABLE LEGAL STANDARDS

"A convicted defendant has no constitutional right to bail." *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006) (citing *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987)). Thus, "any putative right to bail derives from 18 U.S.C. § 3143, which 'establishes a presumption against' its being granted." *Id.*

The parties agree that § 3143(a)(1) requires the Court to order a convicted defendant into custody unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." *See* Government's Response at 2, Defendant's Reply at 6. Thus, the parties agree that the burden of proof on this issue rests with the Defendant.

Among the factors the Court should consider in determining whether to grant a convicted defendant's motion for release pending sentencing are those factors enumerated in 18 U.S.C. § 3142(g) governing pretrial release. *See United States v. Vance*, 851 F.2d 166, 169-70 (6th Cir. 1988); *United States v. Stanley*, 469 F.2d 576 (1972). The listed factors in 18 U.S.C. § 3142(g) for determining whether a defendant is likely to flee or pose a danger are generally as follows:

(1) The nature and circumstances of the offense;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including --

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;

   (B) whether, at the time of the instant offense, the person was under some form of court supervision; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

### III. ISSUE

Has Defendant carried his burden to prove by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released?

### IV. FINDINGS AND DISCUSSION

At the December 31, 2013 hearing, Defendant called three witnesses: (1) United States Probation Officer Robert Honstein ("USPO Honstein"), who supervised Defendant during his pretrial release; (2) Victor Crawford ("Mr. Crawford"), a life-long friend of Defendant; and (3) Shellye Smith ("Ms. Smith"), Defendant's long-term girlfriend and fiancé.

USPO Honstein testified that Defendant had generally complied with his pretrial conditions of release. He also testified regarding the availability of additional conditions, including home confinement and electronic monitoring, that the Court could consider if it were determined that Defendant has carried his burden in this matter. However, Mr. Honstein also testified that (1) Defendant had failed to ever surrender his passport as instructed at the time of his initial release,[1] and (2) Defendant had not been truthful in his financial disclosures to the Court at his Initial Appearance with regard to his home (which he listed as both an asset and a liability and without disclosure that it had been foreclosed on and sold in 2009) and the existence of a number of outstanding state court judgments against Defendant (totaling approximately over $900,000.00 as documented in submissions by the Government). He further testified that, with regard to Defendant's finances, Defendant essentially told Mr. Honstein that "he was relying on other people to help provide for his well-being" and that Mr. Honstein had verified with Defendant's mother that "they had helped him out significantly." Mr. Honstein did not testify regarding any other § 3142(g) factors.

Mr. Crawford, Defendant's best friend since grade school, generally testified regarding his friendship with Defendant and his willingness to assist Defendant to comply with whatever conditions the Court might impose. He testified that he and the Defendant grew up in East Texas, specifically in Henderson, Texas, and remain close friends. Although Mr. Crawford testified generally regarding his knowledge of what Defendant does for a living, he also admitted that, until the trial in this case, he did not know that: (1) Defendant lost his license to sell insurance; (2)

---

[1] While it is true that Defendant's passport was surrendered to USPO Honstein just prior to the December 31, 2013 hearing, Defendant nonetheless failed to comply with his pretrial conditions in this regard.

Defendant had numerous civil judgments against him; and (3) Defendant was having financial troubles. He testified that he was aware of Defendant's College Station Driving While Intoxicated arrest back when he and Defendant were in college, but was unaware of any subsequent arrests.

Importantly, Mr. Crawford also testified that he had accompanied Defendant to Defendant's hunting lease in Santa Anna, Texas as recently as the 2013 Thanksgiving holiday for a hunting trip. Mr. Crawford confirmed that Defendant had guns at the lease and accompanied Mr. Crawford and Mr. Crawford's daughter on a hunt. While the evidence does not firmly establish that Defendant actually possessed or used a gun during the Thanksgiving hunting trip, it is clear that Defendant had weapons that he kept at the lease and which were present at the lease. Thus, arguably, Defendant was, at the very least, in constructive possession of firearms in violation of his pretrial conditions. Mr. Crawford did not testify regarding any other § 3142(g) factors.

Next, Defendant's fiancé, Ms. Smith, testified that she has known Defendant for approximately five years and has been romantically involved with him for the last four years. She confirmed that she has been engaged to Defendant for approximately the past two years. She testified that Defendant lived in Fort Worth, Texas with her and her two children from previous relationships until trial. She testified that there are things that she and Defendant need to take care of before he is sentenced and incarcerated, including moving her and her belongings, selling off some possessions, etc.

While Ms. Smith testified in support of Defendant being released on conditions and her need for his financial support, she also disclosed that she was unaware that the house that she and Defendant were living in had been foreclosed. As for how Defendant has been employed over the past year, she stated that he would go to work every day, but she did not know exactly what he was

doing. She testified that Defendant had withdrawn approximately $80,000.00 from her bank account without her permission. She explained that Defendant claims to have invested the money but she has not seen any documentation of such an investment. Ms. Smith did not testify regarding any other § 3142(g) factors.

In rebuttal, the Government has presented numerous pleadings and judgments from recent civil lawsuits filed and/or involving judgments entered against Defendant. In its written Response, the Government summarizes the facts and circumstances of each lawsuit. All of the cases against Defendant involve allegations of financial wrongdoing, including claims of fraud, theft, conversion, bad debt, misrepresentation, failure to disclose information and forgery. In short, the Government's proffered evidence establishes that Defendant lacks trustworthiness and credibility and that his character for honesty and integrity are poor.

Finally, the Pretrial Services Report in this matter, which recommended that Defendant be released on Personal Recognizance with basic standard conditions, sheds little light on the issue before the Court. While not significant factors, Defendant has a criminal history that consists of three misdemeanor arrests (two DWIs and one theft of service) and continued social use of alcohol. What is significant about the report is the glaring omission of the numerous civil lawsuit liabilities against Defendant. In addition, Defendant's lack of full compliance with the conditions of release as detailed previously herein is also of great concern to the Court.

Based upon all of the evidence before the Court, the undersigned concludes that Defendant has failed to carry his burden of proof on the issue of release pending sentencing under 18 U.S.C. § 3143(a)(1) because he has not presented clear and convincing evidence that he is not likely to flee or does not pose a danger to the safety of any other person or the community if released. While

Defendant presented witnesses in support of his motion for release, these witnesses did little to positively address and establish the § 3142(g) factors enumerated herein. Instead, the evidence before the Court actually establishes the following: (1) Defendant has, in the past, been untruthful in his representations to the Court, has failed to timely comply with orders of this Court, and continues to violate orders of this Court; and (2) Defendant has taken a large sum of money without authorization and reasonable explanation from a person he allegedly intends to marry and who is his main tie to this community.

## RECOMMENDATION

It is recommended that Defendant's Motion for Release Pending Sentencing be **DENIED**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **February 4, 2014**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 21, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE